UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　　　　　　Plaintiff,<br>v.<br>MICHAEL COLLINS, JR.,<br>　　　　　　　　　　　Defendant. | Case No.: 19-cr-397-GPC<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**<br><br>**[ECF No. 53]** |

Defendant Michael Collins, Jr. ("Collins") filed a motion seeking compassionate release or reduction of his sentence under 18 U.S.C. § 3582(c). ECF No. 53. The Government opposes. ECF No. 58 ("Opp."). For the reasons that follow, Collins's motion is DENIED.

## I. BACKGROUND

Collins was convicted by guilty plea of one count of Attempted Coercion and Enticement of a Minor in violation of 18 U.S.C. § 2422(b). ECF No. 50. Collins was sentenced to a term of imprisonment of 48 months, followed by 5 years of supervised release. *Id.* Collins is serving his sentence at the Federal Correctional Institution Sheridan ("FCI Sheridan"). ECF No. 53. Collins has served approximately 26 months, or over half of his sentence.

1

Collins is 29 years old and states that he suffers from moderate to severe asthma. *Id.*; ECF No. 41 ("Presentence Investigation Report" or "PSR") at 2.  The Government contends that medical records provided by the Bureau of Prisons ("BOP") include no documentation of this condition.  Opp. at 7.  Collins also contends that the severe COVID-19 outbreak and intolerable living conditions at FCI Sheridan provide an extraordinary and compelling reason for his release regardless of whether the BOP medical records reflect his asthma.  ECF No. 59 at 6–8.

On December 17, 2020, Collins filed the instant pro se motion.  ECF No. 53.  On December 18, 2020, the Court appointed counsel to assist Collins in seeking compassionate release.  ECF No. 56.  On January 13, 2021, the Government filed a response.  Opp.  On January 18, 2021, Collins, through counsel, filed a reply.  ECF No. 59.

## II.   DISCUSSION

Collins moves for release under 18 U.S.C. § 3582(c)(1)(A), which provides, in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses

for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

. . .

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Accordingly, there are two questions before the Court: first, whether Collins has satisfied the administrative exhaustion requirement, and second, whether Collins has demonstrated extraordinary and compelling reasons for a sentence reduction.

The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, "amends numerous portions of the U.S. Code to promote rehabilitation of prisoners and unwind decades of mass incarceration." *United States v. Brown*, 411 F. Supp. 3d 446, 448 (S.D. Iowa 2019) (citing Cong. Research Serv., R45558, The First Step Act of 2018: An Overview 1 (2019)).  One of the changes resulting from the Act is that it "allows defendants, for the first time, to petition district courts directly for compassionate release." *Id*.  As one district court recently explained:

> The effect of the amendments is that a district judge has the ability to grant a prisoner's motion for compassionate release even in the face of BOP opposition or its failure to respond to a prisoner's request for compassionate release in a timely manner. . . . Congress's express purpose in implementing these changes was to expand the use of compassionate release sentence reductions under § 3582(c)(1)(A).  *See, e.g.,* First Step Act, PL 115-391, 132 Stat 5194, 5239 (titling the subsection amending § 3582, "Increasing the Transparency and Use of Compassionate Release"); 164 Cong. Rec. S7314- 02, 2018 WL 6350790 (Dec. 5, 2018) (statement by Senator Cardin, cosponsor of the First Step Act, noting that its purpose was to "expand[s] compassionate release" and "expedite[] compassionate release applications").

*United States v. Young*, No. 2:00-CR-00002-1, 2020 WL 1047815, at *5 (M.D. Tenn. Mar. 4, 2020); *see also United States v. Maumau*, No. 2:08-CR-00758-TC-11, 2020 WL

806121, at *4 (D. Utah Feb. 18, 2020) ("[O]ne of the express purposes of the First Step Act was to increase the use and transparency of compassionate release.").

### A.    Exhaustion Requirement

Section 3582(c)(1)(A) imposes an exhaustion requirement requiring a defendant to fully exhaust all administrative rights to appeal before a defendant may move the court for release.  The parties dispute whether Collins has satisfied the exhaustion requirement.  Attached to his pro se motion, Collins provided a copy of an Inmate Request to Staff form directed to the Warden of FCI Sheridan dated October 29, 2020, which indicates he requested compassionate release on the basis of his asthma.  ECF No. 53.  The Government contends that the BOP has no record of Collins submitting an administrative remedy request, but does not explain whether it believes the request attached to Collins's motion was not filed or is insufficient for another reason.  ECF No. 58 at 9; ECF No. 58-1 (Declaration of Theresa T. Talplacido).  The Court declines to determine that a request submitted via an Inmate Request to Staff form rather than a Request for Administrative Remedy form is insufficient to satisfy the administrative exhaustion requirement.[1]  Accordingly, the Court presumes for the purposes of this motion that Collins has demonstrated that he satisfied the administrative exhaustion requirement because he has provided a record of a request directed to the Warden, and more than 30 days elapsed without response.  The Court therefore turns to the merits of Collins's motion.

---

[1] A number of BOP facilities appear to consider requests submitted on Inmate Request to Staff forms, and courts have found requests submitted on such forms to satisfy the administrative exhaustion requirement. *E.g.*, *United States v. Evans*, No. 3:00CR63, 2020 WL 5121331, at *4 (E.D. Va. Aug. 31, 2020) (Warden considered request submitted via Inmate Request to Staff form); *United States v. Johnson*, No. 3:16-CR-00242, 2020 WL 4753846, at *1 n.2 (M.D. Tenn. Aug. 17, 2020), *appeal dismissed*, No. 20-6026, 2020 WL 7213445 (6th Cir. Nov. 12, 2020) (court granted motion to reconsider order denying motion for compassionate release on administrative exhaustion grounds after defendant filed his previously submitted Inmate Request to Staff form); *United States v. Garza*, No. 16-20685, 2020 WL 4676379, at *1 (E.D. Mich. Aug. 12, 2020) (presuming exhaustion requirement met given defendant's filing of request on Inmate Request to Staff form).

### B.  Extraordinary and Compelling Reasons

Section 3582(c)(1)(A) permits a sentence reduction only upon a showing of "extraordinary and compelling reasons," and only if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  Section 1B1.13 of the Sentencing Guidelines further explains that a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) may be ordered where a court determines, "after considering the factors set forth in 18 U.S.C. § 3553(a)," that:

> (1) (A) Extraordinary and compelling reasons warrant the reduction; or
>
> . . .
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

Application Note 1 to this Guidelines provision enumerates certain circumstances constituting "extraordinary and compelling reasons" that justify a sentence reduction, including certain medical conditions, advanced age, certain family circumstances, or some "other" reason "[a]s determined by the Director of the Bureau of Prisons."  The Note specifies that "a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover" constitutes "extraordinary and compelling reasons" which justify compassionate release.  While the Court's decision is guided by this policy statement, a number of district courts have found that the amended Section 3582(c)(1)(A)(i) grants courts independent discretion to determine whether a defendant has provided extraordinary and compelling reasons for a reduction of their sentence.  *United States v. Decator*, 452 F. Supp. 3d 320, 324 (D. Md.), *aff'd sub nom. United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020); *see also United States v. Redd*, 444 F. Supp. 3d 717, 724–25 (E.D. Va. 2020).

Collins argues that his asthma and the conditions at FCI Sheridan constitute extraordinary and compelling reasons justifying his release given the COVID-19 pandemic. The Government argues that Collins's asthma is not confirmed by any medical records, and that even if he could demonstrate he suffers from a respiratory condition, his condition does not render him at increased risk of COVID-19. Additionally, the Government contends that the risk of infection alone is not sufficient to qualify as an extraordinary and compelling reason for compassionate release.

The Court finds that Collins has not demonstrated he suffers from a medical condition that renders him at higher risk for severe illness were he to contract the coronavirus. Moderate-to-severe asthma is identified by the Centers for Disease Control and Prevention ("CDC") as a condition that might increase the risk of severe injury for those who contract COVID-19. *See People Who Are at Higher Risk for Severe Illness*, Ctrs. for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html. But Collins's medical records do not reflect he receives any treatment for his asthma, suggesting that the condition is not moderate or severe. *See Quick Reference Charts for the Classification and Stepwise Treatment of Asthma,* Univ. of Mich., https://www.med.umich.edu/1info/FHP/practiceguides/asthma/EPR-3_pocket_guide.pdf (indicating individuals with moderate to severe asthma use medication to control symptoms daily); *see also* PSR at 12 (not mentioning asthma under health conditions).

As for Collins's argument that his risk of exposure to COVID-19 alone, even without underlying health conditions, renders him eligible for compassionate release, the Court disagrees. Although no incarcerated person is without risk, Collins is young and, aside from his claimed asthma, appears to be generally healthy. *See* PSR at 12. And although the conditions identified in the *Stirling v. Salazar*, 20-cv-712-SB, lawsuit are alarming, Collins has not alleged that he personally experienced conditions that would, on their own, provide an extraordinary and compelling reason for his release. ECF No.

53. The Court therefore determines that Collins has not met the high standard for release pursuant to Section 3582.

Even if Collins did present extraordinary and compelling reasons, the Court would not be inclined to find that his release would be consistent with the Section 3353(a) sentencing factors. *See* 18 U.S.C. §§ 3553(a)(2)(C), 3582(c)(1)(A)(ii); U.S.S.G. 1B1.13(2). These factors include, among other things, the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense and provide just punishment; and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a).

Collins committed a serious offense. He conversed with an undercover detective posing as a minor and attempted to recruit her to engage in prostitution, despite being informed she was 17 years old. PSR at 3–5. He then traveled via bus to San Diego meet the detective, intending to bring the minor back to Las Vegas for prostitution. *Id.* A reduction of his sentence to time served, even if conditions of release were imposed to place Collins in home confinement, would not reflect the seriousness of the offense that he committed as it would be far below the guideline range.

Accordingly, even had Collins presented extraordinary and compelling reasons for a reduction of his sentence, the Court would find his release unwarranted under the requirements of Section 3582.

### III. CONCLUSION

For the reasons set forth above, the Motion for Compassionate Release is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 15, 2021

Hon. Gonzalo P. Curiel
United States District Judge